**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman, Esq. (SBN 90058)
29800 Agoura Road, Suite 210
Agoura Hills, California 91301
Telephone:    (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com

**LAWYERS _for_ JUSTICE, PC**
Edwin Aiwazian, Esq. (SBN 232943)
Arby Aiwazian, Esq. (SBN 269827)
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone:    (818) 265-1020
Facsimile:    (818) 265-1021

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| MARIBEL TAVARES, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>       Plaintiff,<br><br>    vs.<br><br>CARGILL INCORPORATED, an unknown business entity; CARGILL MEAT SOLUTIONS CORP, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No. 1:18-cv-00792-DAD-SKO<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §2698, ET SEQ.**<br><br>1. **Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);**<br>2. **Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);**<br>3. **Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);**<br>4. **Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);**<br>5. **Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);** |

6. **Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements;**
7. **Violation of California Business & Professions Code §§ 17200, et seq.;**
8. **Violation of California Business & Professions Code §§ 17200, et seq.;**
9. **Violation of California Labor Code §§ 2698, et seq.**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff MARIBEL TAVARES ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, and alleges as follows:

## JURISDICTION AND VENUE

1.      The District Court for the Eastern District of California has jurisdiction over the claims alleged herein, which involve the laws and regulations of the Statue of California, including alleged violations of the California Labor Code, Bus. & Prof. Code, and Title 8 of the California Code of Regulations, as hereafter alleged and based on the grounds set forth in Defendants' removal petition.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1332. On information and belief Defendant operates a significant portion of its business within California, including operating business terminals within the County of Fresno. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the state of California and within the County of Fresno. The claims alleged herein arise from work performed by Plaintiff and the Class for Defendant within the state of California. The representative Plaintiffs performed work, and were based out of, Defendant's South Gate terminal within the County of Fresno. Venue remains proper for the United States District Court, Eastern District. All of the

claims Plaintiffs assert for themselves and for the putative class relate exclusively to work performed within the State of California.

## **PARTIES**

3.      Plaintiff MARIBEL TAVARES is an individual residing in the State of California, County of Fresno.

4.      Defendant CARGILL INCORPORATED, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Fresno.

5.      Defendant CARGILL MEAT SOLUTIONS CORP, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Fresno.

6.      At all relevant times, Defendants CARGILL INCORPORATED and CARGILL MEAT SOLUTIONS CORP were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

7.      At all times herein relevant, Defendants CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

8.      The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused

1  the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

2  Plaintiff will seek leave of court to amend this Complaint to show the true names and

3  capacities when the same have been ascertained.

4      9.      Defendant CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS

5  CORP, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

6      10.     Plaintiff further alleges that Defendants, directly or indirectly controlled or

7  affected the working conditions, wages, working hours, and conditions of employment of

8  Plaintiff and the other class members and aggrieved employees so as to make each of said

9  Defendants employers and employers liable under the statutory provisions set forth herein.

10                        **CLASS ACTION ALLEGATIONS**

11     11.     Plaintiff brings this action on her own behalf and on behalf of all other members

12  of the general public similarly situated, and, thus, seeks class certification under California

13  Code of Civil Procedure section 382.

14     12.     The proposed class is defined as follows:

15          All current and former hourly-paid or non-exempt employees who worked for

16          any of the Defendants within the State of California at any time during the

17          period from four years preceding the filing of this Complaint to final judgment.

18     13.     Plaintiff reserves the right to establish subclasses as appropriate.

19     14.     The class is ascertainable and there is a well-defined community of interest in

20  the litigation:

21          a.     Numerosity: The class members are so numerous that joinder of all class

22              members is impracticable.  The membership of the entire class is

23              unknown to Plaintiff at this time; however, the class is estimated to be

24              greater than fifty (50) individuals and the identity of such membership is

25              readily ascertainable by inspection of Defendants' records.

26          b.     Typicality: Plaintiff's claims are typical of all other class members' as

27              demonstrated herein.  Plaintiff will fairly and adequately protect the

28              interests of the other class members with whom she has a well-defined

4
FIRST AMENDED CLASS ACTION COMPLAINT

1    community of interest.

2    c.    Adequacy: Plaintiff will fairly and adequately protect the interests of

3    each class member, with whom she has a well-defined community of

4    interest and typicality of claims, as demonstrated herein.  Plaintiff has no

5    interest that is antagonistic to the other class members.  Plaintiff's

6    attorneys, the proposed class counsel, are versed in the rules governing

7    class action discovery, certification, and settlement.  Plaintiff has

8    incurred, and during the pendency of this action will continue to incur,

9    costs and attorneys' fees, that have been, are, and will be necessarily

10    expended for the prosecution of this action for the substantial benefit of

11    each class member.

12    d.    Superiority: A class action is superior to other available methods for the

13    fair and efficient adjudication of this litigation because individual joinder

14    of all class members is impractical.

15    e.    Public Policy Considerations: Certification of this lawsuit as a class

16    action will advance public policy objectives.  Employers of this great

17    state violate employment and labor laws every day.  Current employees

18    are often afraid to assert their rights out of fear of direct or indirect

19    retaliation.  However, class actions provide the class members who are

20    not named in the complaint anonymity that allows for the vindication of

21    their rights.

22    15.    There are common questions of law and fact as to the class members that

23    predominate over questions affecting only individual members.   The following common

24    questions of law or fact, among others, exist as to the members of the class:

25    a.    Whether Defendants' failure to pay wages, without abatement or

26    reduction, in accordance with the California Labor Code, was willful;

27    b.    Whether Defendants' had a corporate policy and practice of failing to

28    pay their hourly-paid or non-exempt employees within the State of

5

California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.      Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.      Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.      Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.      Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.      Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.      Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.      Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.      Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.      Whether Defendants' conduct was willful or reckless;

l.      Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.      The appropriate amount of damages, restitution, and/or monetary

1    penalties resulting from Defendants' violation of California law; and

2          n.    Whether Plaintiff and the other class members are entitled to

3                compensatory damages pursuant to the California Labor Code.

4                          **PAGA ALLEGATIONS**

5          16.    At all times herein set forth, PAGA was applicable to Plaintiff's employment by

6    Defendants.

7          17.    At all times herein set forth, PAGA provides that any provision of law under the

8    California Labor Code that provides for a civil penalty, including unpaid wages and premium

9    wages, to be assessed and collected by the LWDA for violations of the California Labor Code

10   may, as an alternative, be recovered through a civil action brought by an aggrieved employee

11   on behalf of himself and other current or former employees pursuant to procedures outlined in

12   California Labor Code section 2699.3.

13         18.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved

14   employee," who is any person that was employed by the alleged violator and against whom

15   one or more of the alleged violations was committed.

16         19.    Plaintiff was employed by Defendants and the alleged violations were

17   committed against him during his time of employment and he is, therefore, an aggrieved

18   employee.    Plaintiff and the other employees are "aggrieved employees" as defined by

19   California Labor Code section 2699(c) in that they are current or former employees of

20   Defendants, and one or more of the alleged violations were committed against them.

21         20.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

22   employee, including Plaintiff, may pursue a civil action arising under PAGA after the

23   following requirements have been met:

24          a.    The aggrieved employee shall give written notice by online submission

25                (hereinafter "Employee's Notice") to the LWDA and by certified mail to

26                the employer of the specific provisions of the California Labor Code

27                alleged to have been violated, including the facts and theories to support

28                the alleged violations.

7

b. The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

21. On January 5, 2018, Plaintiff provided written notice by online submission to the LWDA and by certified mail to Defendants CARGILL INCORPORATED and CARGILL MEAT SOLUTIONS CORP of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff did not receive an LWDA Notice within sixty-five (65) days of the date of the submission of Plaintiff's Notice.

22. Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, including unpaid wages and premium wages per California Labor Code section 558 against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been satisfied.

## GENERAL ALLEGATIONS

23. At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, County of Fresno.

24. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately April 2013 to approximately February 2017, in the State of California, County of Fresno.

///

25.    Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

26.    Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

27.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

28.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

29.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

30.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.    This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

FIRST AMENDED CLASS ACTION COMPLAINT

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under

FIRST AMENDED CLASS ACTION COMPLAINT

California Labor Code section 204.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.   The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members

40.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records

41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

42.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

43.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked.  Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

44.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

45.     During the relevant time period, Defendants failed to pay Plaintiff and the

11

1     other class members at least minimum wages for all hours worked.

2         46.     During the relevant time period, Defendants failed to pay Plaintiff and the

3     other class members all wages owed to them upon discharge or resignation.

4         47.     During the relevant time period, Defendants failed to pay Plaintiff and the

5     other class members all wages within any time permissible under California law,

6     including, *inter alia*, California Labor Code section 204.

7         48.     During the relevant time period, Defendants failed to provide complete or

8     accurate wage statements to Plaintiff and the other class members.

9         49.     During the relevant time period, Defendants failed to keep complete or

10     accurate payroll records for Plaintiff and the other class members.

11         50.     During the relevant time period, Defendants failed to reimburse Plaintiff

12     and the other class members for all necessary business-related expenses and costs.

13         51.     During the relevant time period, Defendants failed to properly compensate

14     Plaintiff and the other class members pursuant to California law in order to increase

15     Defendants' profits.

16         52.     California Labor Code section 218 states that nothing in Article 1 of the

17     Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages

18     or penalty due to him [or her] under this article."

19     **Unpaid Time**

20         53.     Plaintiff and the other class members were regularly required to perform

21     unpaid work before clocking in and after clocking out for each shift and for meal

22     periods. Such unpaid work includes, but is not limited to, time spent donning and

23     doffing necessary uniforms and equipment.

24         54.     Additionally, Defendants utilizes a time-keeping system that fails to

25     record all hours worked by Plaintiff and the Class and consistently shaves time in

26     Defendants' favor via rounding time punches.

27     **Meal and Rest Periods**

28         55.     Plaintiff and the other class members were regularly not provided

1  uninterrupted duty free meal & rest periods by Defendants and were required to

2  perform work during meal & rest periods including, but is not limited to, donning and

3  doffing necessary uniforms and equipment.

4  **Unreimbursed Business Expenses**

5        56.    Defendants required that Plaintiff and the class members purchase and

6  maintain specific uniforms and protective equipment, such as boots, cold suits,

7  protective helmets, etc. Defendants maintained a policy and practice of failing to fully

8  reimburse Plaintiff and the Class for these expenditures.

9                        **FIRST CAUSE OF ACTION**

10              **(Violation of California Labor Code §§ 510 and 1198)**

11       **(Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,**

12                        **and DOES 1 through 100)**

13       57.    Plaintiff incorporates by reference all previous allegations, and each and

14  every part thereof with the same force and effect as though fully set forth herein.

15       58.    California Labor Code section 1198 and the applicable Industrial Welfare

16  Commission ("IWC") Wage Order provide that it is unlawful to employ persons

17  without compensating them at a rate of pay either time-and-one-half or two-times that

18  person's regular rate of pay, depending on the number of hours worked by the person

19  on a daily or weekly basis.

20       59.    Specifically, the applicable IWC Wage Order provides that Defendants

21  are and were required to pay Plaintiff and the other class members employed by

22  Defendants, and working more than eight (8) hours in a day or more than forty (40)

23  hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of

24  eight (8) hours in a day or more than forty (40) hours in a workweek.

25       60.    The applicable IWC Wage Order further provides that Defendants are and

26  were required to pay Plaintiff and the other class members overtime compensation at a

27  rate of two times their regular rate of pay for all hours worked in excess of twelve (12)

28  hours in a day.

FIRST AMENDED CLASS ACTION COMPLAINT

61.  California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

62.  During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

63.  On these occasions, Plaintiffs and the Class regularly performed unpaid work, including but not limited to work that was required to be completed off-the-clock by Defendants, and work that was not compensated due to Defendants' time-shaving practices.

64.  During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

65.  Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

66.  Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,**

**and DOES 1 through 100)**

67.  Plaintiff incorporates by reference all previous allegations, and each and every part thereof with the same force and effect as though fully set forth herein.

68.  At all relevant times, the IWC Order and California Labor Code sections

226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

69.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

70.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

71.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

72.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

73.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

74.    During the relevant time period, Defendants intentionally and willfully

1  required Plaintiff and the other class members to work during meal periods, including

2  but not limited to donning and doffing uniforms and equipment and performing other

3  tasks specified by Defendants.  Defendants failed to compensate Plaintiff and the other

4  class members the full meal period premium for work performed during meal periods.

5      75.    During the relevant time period, Defendants failed to pay Plaintiff and the

6  other class members the full meal period premium due pursuant to California Labor

7  Code section 226.7.

8      76.    Defendants' conduct violates applicable IWC Wage Order and California

9  Labor Code sections 226.7 and 512(a).

10     77.    Pursuant to applicable IWC Wage Order and California Labor Code

11  section 226.7(b), Plaintiff and the other class members are entitled to recover from

12  Defendants one additional hour of pay at the employee's regular rate of compensation

13  for each work day that the meal or rest period is not provided.

14                    **THIRD CAUSE OF ACTION**

15              **(Violation of California Labor Code § 226.7)**

16    **(Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,**

17                    **and DOES 1 through 100)**

18     78.    Plaintiff incorporates by reference the allegations contained in each

19  preceding paragraph, and each and every part thereof with the same force and effect as

20  though fully set forth herein.

21     79.    At all times herein set forth, the applicable IWC Wage Order and

22  California Labor Code section 226.7 were applicable to Plaintiff's and the other class

23  members' employment by Defendants.

24     80.    At all relevant times, California Labor Code section 226.7 provides that

25  no employer shall require an employee to work during any rest period mandated by an

26  applicable order of the California IWC.

27     81.    At all relevant times, the applicable IWC Wage Order provides that

28  "[e]very employer shall authorize and permit all employees to take rest periods, which

FIRST AMENDED CLASS ACTION COMPLAINT

insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

82.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

83.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods, including but not limited to donning and doffing uniforms and equipment and performing other tasks specified by Defendants, and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

84.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

85.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

86.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,**

**and DOES 1 through 100)**

87.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

88.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

89.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

90.     Plaintiffs and the Class regularly performed unpaid work, including but not limited to work that was required to be completed off-the-clock by Defendants, such as donning and doffing uniforms and protective equipment, and work that was not compensated due to Defendants' time-shaving practices.

91.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

92.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

93.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,**

**and DOES 1 through 100)**

94.     Plaintiff incorporates by reference the allegations contained in paragraphs

1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

95.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that  if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

96.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

97.     Defendants were at all times aware, of their policies and procedures resulting in the non-payment of wages for all time worked upon termination, including but not limited to failure to pay for all time spent donning and doffing equipment and uniforms; and hours shaved via Defendant's rounding of time punches.

98.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

99.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

100.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty

(30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,

### and DOES 1 through 100)

101.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 101, and each and every part thereof with the same force and effect as though fully set forth herein.

102.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

103.    Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

104.    As a result of Defendants' violation of California Labor Code section

1   226(a), Plaintiff and the other class members have suffered injury and damage to their

2   statutorily-protected rights.

3       105.    More specifically, Plaintiff and the other class members have been injured

4   by Defendants' intentional and willful violation of California Labor Code section

5   226(a) because they were denied both their legal right to receive, and their protected

6   interest in receiving, accurate and itemized wage statements pursuant to California

7   Labor Code section 226(a).

8       106.    Plaintiff and the other class members are entitled to recover from

9   Defendants the greater of their actual damages caused by Defendants' failure to comply

10  with California Labor Code section 226(a), or an aggregate penalty not exceeding four

11  thousand dollars per employee.

12      107.    Plaintiff and the other class members are also entitled to injunctive relief

13  to ensure compliance with this section, pursuant to California Labor Code section

14  226(h).

15                      **SEVENTH CAUSE OF ACTION**

16              **(Violation of California Labor Code §§ 2800 and 2802)**

17      **(Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,**

18                      **and DOES 1 through 100)**

19      108.    Plaintiff incorporates by reference the allegations contained in paragraphs

20  1 through 113, and each and every part thereof with the same force and effect as though

21  fully set forth herein.

22      109.    Pursuant to California Labor Code sections 2800 and 2802, an employer

23  must reimburse its employee for all necessary expenditures incurred by the employee in

24  direct consequence of the discharge of his or her job duties or in direct consequence of

25  his or her obedience to the directions of the employer.

26      110.    Plaintiff and the other class members incurred necessary business-related

27  expenses and costs that were not fully reimbursed by Defendants, including but not

28  limited to, the costs of required uniforms and equipment

111.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

112.   Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**EIGHTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,**

**and DOES 1 through 100)**

113.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 118, and each and every part thereof with the same force and effect as though fully set forth herein.

114.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

115.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

116.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class

members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

117. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

118. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

119. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2698, et seq.)**

**(Against CARGILL INCORPORATED, CARGILL MEAT SOLUTIONS CORP,**

**and DOES 1 through 100)**

120. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 125, and each and every part thereof with the same force and effect as though fully set forth herein.

121. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought

by an aggrieved employee on behalf of himself or herself, and other current or former employees.

122.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

123.    Plaintiff and the other hourly-paid or non-exempt employees, are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

**Failure to Pay Overtime**

124.    Defendants' failure to pay legally required overtime wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

**Failure to Provide Meal Periods**

125.    Defendants' failure to provide legally required meal periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

**Failure to Provide Rest Periods**

126.    Defendants' failure to provide legally required rest periods to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

**Failure to Pay Minimum Wages**

127.    Defendants' failure to pay legally required minimum wages to Plaintiff and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

FIRST AMENDED CLASS ACTION COMPLAINT

**Failure to Timely Pay Wages Upon Termination**

128.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

**Failure to Timely Pay Wages During Employment**

129.    Defendants' failure to timely pay wages to Plaintiff and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

**Failure to Provide Complete and Accurate Wage Statements**

130.    Defendants' failure to provide complete and accurate wage statements to Plaintiff and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

131.    Defendants' failure to keep complete and accurate payroll records relating to Plaintiff and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

132.    Defendants' failure to reimburse Plaintiff and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

133.    Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or untimely wages

FIRST AMENDED CLASS ACTION COMPLAINT

according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

    a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    b.    Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

    c.    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

    d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

134.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved employees.

135.    Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1.      That this action be certified as a class action;

2.      That Plaintiff be appointed as the representative of the Class;

3.      That counsel for Plaintiff be appointed as Class Counsel; and

4.      That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194;

9.      For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

10.     For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

11.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

12.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

13.     For all actual, consequential, and incidental losses and damages, according to proof;

14.     For premium wages pursuant to California Labor Code section 226.7(b);

15.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

16.     For reasonable attorneys' fees and costs of suit incurred herein;

///

17.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

18.     For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

19.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

20.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

21.     For all actual, consequential, and incidental losses and damages, according to proof;

22.     For premium wages pursuant to California Labor Code section 226.7(b);

23.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

24.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

25.     For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

26.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

27.     For general unpaid wages and such general and special damages as may be appropriate;

28.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

29.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

30.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

31.     For liquidated damages pursuant to California Labor Code section 1194.2;

32.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

33.     For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

34.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

1    35.    For all actual, consequential, and incidental losses and damages, according to

2    proof;

3    36.    For statutory wage penalties pursuant to California Labor Code section 203 for

4    Plaintiff and the other class members who have left Defendants' employ;

5    37.    For pre-judgment interest on any unpaid compensation from the date such

6    amounts were due;

7    38.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

8    (g); and

9    39.    For such other and further relief as the Court may deem just and proper.

10                      **As to the Sixth Cause of Action**

11    40.    That the Court declare, adjudge and decree that Defendants violated the record

12    keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

13    as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

14    wage statements thereto;

15    41.    For actual, consequential and incidental losses and damages, according to proof;

16    42.    For statutory penalties pursuant to California Labor Code section 226(e);

17    43.    For injunctive relief to ensure compliance with this section, pursuant to

18    California Labor Code section 226(h);

19    44.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

20    (g); and

21    45.    For such other and further relief as the Court may deem just and proper.

22                      **As to the Seventh Cause of Action**

23    46.    That the Court declare, adjudge and decree that Defendants violated California

24    Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other

25    class members for all necessary business-related expenses as required by California Labor

26    Code sections 2800 and 2802;

27    47.    For actual, consequential and incidental losses and damages, according to proof;

28    48.    For the imposition of civil penalties and/or statutory penalties;

FIRST AMENDED CLASS ACTION COMPLAINT

1    49.    For reasonable attorneys' fees and costs of suit incurred herein;

2    50.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and

3    (g); and

4    51.    For such other and further relief as the Court may deem just and proper.

5    **As to the Eighth Cause of Action**

6    52.    That the Court decree, adjudge and decree that Defendants violated California

7    Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

8    other class members all overtime compensation due to them, failing to provide all meal and

9    rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to

10    Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

11    wages timely as required by California Labor Code section 201, 202 and 204 and by violating

12    California Labor Code sections 226(a), 1174(d), 2800 and 2802.

13    53.    For restitution of unpaid wages to Plaintiff and all the other class members and

14    all pre-judgment interest from the day such amounts were due and payable;

15    54.    For the appointment of a receiver to receive, manage and distribute any and all

16    funds disgorged from Defendants and determined to have been wrongfully acquired by

17    Defendants as a result of violation of California Business and Professions Code sections

18    17200, et seq.;

19    55.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

20    California Code of Civil Procedure section 1021.5;

21    56.    For injunctive relief to ensure compliance with this section, pursuant to

22    California Business and Professions Code sections 17200, et seq.; and

23    57.    For such other and further relief as the Court may deem just and proper.

24    **As to the Ninth Cause of Action**

25    58.    For civil penalties and wages pursuant to California Labor Code sections

26    2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California Labor

27    Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1,

28    1198, 2800 and 2802; and

FIRST AMENDED CLASS ACTION COMPLAINT

1          59.     For such other and further relief as the Court may deem equitable and

2    appropriate.

3

4    DATED:  July 11, 2018                    **MARLIN & SALTZMAN, LLP**

5                                            **LAWYERS** *for* **JUSTICE, PC**

6                                        By:

7                                            Stanley D. Saltzman

8                                            Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT