1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARIBEL TAVARES, individually, and          No.  1:18-cv-00792-DAD-SKO
     on behalf of other members of the general
12   public similarly situated and on behalf of
     other aggrieved employees pursuant to the
13   California Private Attorneys General Act,     ORDER GRANTING DEFENDANTS'
                                                   MOTIONS TO DISMISS IN PART
14                       Plaintiff,
                                                   (Doc. Nos. 12, 16)
15          v.

16   CARGILL INCORPORATED, an
     unknown business entity; CARGILL
17   MEAT SOLUTIONS CORP., an unknown
     business entity,
18
                         Defendants.
19

20
            This matter is before the court on motions to dismiss[1] plaintiff Maribel Tavares' first

21
     amended complaint ("FAC") for failure to state a claim on which relief can be granted brought on

22
     behalf of defendants Cargill, Inc. ("Cargill") and Cargill Meat Solutions Corp. ("CMSC").  (Doc.

23
     Nos. 12, 16.)  Plaintiff filed an opposition to these motions on September 19, 2018, and

24
     defendants replied on September 25, 2018.  (Doc. Nos. 20, 22.)  The court heard oral argument on

25

26   ─────────────────────
     [1] Except for those addressing plaintiff's allegation that the defendants are joint employers, the
27   arguments advanced in support of Cargill's motion to dismiss (Doc. No. 12) are identical to those
     made by CMSC in its concurrently filed motion to dismiss (Doc. No. 16).  Accordingly, the court
28   will for the most part address both motions as one in this order.

                                                    1

October 2, 2018, with attorney Cody Kennedy appearing telephonically on behalf of plaintiff and attorney Tina Syring-Petrocchi appearing on behalf of defendants. For the reasons discussed below, defendants' motions to dismiss will be granted in part and denied in part.

**BACKGROUND**

This case was originally filed in Fresno County Superior Court on April 20, 2018, and removed to this federal court on June 8, 2018 under the Class Action Fairness Act of 2005. (Doc. Nos. 1, 1-1.) Plaintiff filed the FAC on July 12, 2018. (Doc. No. 7.)

In her FAC plaintiff alleges as follows. Defendants jointly and severally employed plaintiff as an hourly-paid, non-exempt employee from approximately April 2013 to approximately February 2017 in Fresno County. (*Id.* at ¶ 24.) According to plaintiff, defendants were her joint employers because they had the authority to hire and terminate plaintiff and other class members, exercised sufficient authority over the terms and conditions governing their employment, and supervised their daily employment activities. (*Id.* at ¶¶ 26–27.) Defendants continue to employ hourly-paid or non-exempt employees within California. (*Id.* at ¶ 28.)

Defendants "engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees" by "failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks." (*Id.* at ¶¶ 25, 31.) Plaintiff and other class members "worked over eight hours in a day and/or forty hours in a week during their employment with defendants." (*Id.* at ¶ 30.) Additionally, plaintiff and other class members were regularly required to perform unpaid work before clocking in and after clocking out for each shift due to time spent donning and doffing necessary uniforms and equipment. (*Id.* at ¶ 53.) Similarly, plaintiff and class members were not provided with uninterrupted meal and rest periods, free from being required to perform work duties, since they were required to spend time donning and doffing necessary uniforms and equipment. (*Id.* at ¶ 55.)

Plaintiff and other class members did not receive all wages owed to them for the unpaid work they had performed upon their discharge or resignation. (*Id.* at ¶ 37.) Defendants did not provide accurate wage statements or keep complete and accurate payroll records because they used a time-keeping system that failed to record all hours worked by plaintiff and class members

and consistently shaved time in their own favor by rounding time punches. (*Id.* at ¶¶ 40, 48–49, 54.) Finally, defendants failed to reimburse plaintiff and class members for business-related expenses for the specific uniforms and protective equipment—such as boots, cold suits, and protective helmets—which defendants required employees to purchase and maintain. (*Id.* at ¶¶ 41, 50, 56.)

Plaintiff's FAC asserts the following nine causes of action: (1) failure to pay overtime wages in violation of California Labor Code ("Labor Code") §§ 510 and 1198; (2) failure to provide lawful meal periods in violation of Labor Code §§ 226.7 and 512(a); (3) failure to provide lawful rest periods in violation of Labor Code §§ 226.7; (4) failure to pay minimum wage in violation of Labor Code §§ 1194, 1197, and 1197.1; (5) failure to pay wages due at termination in violation of Labor Code §§ 201 and 202; (6) failure to provide accurate itemized wage statements in violation of Labor Code § 226(a); (7) failure to reimburse business expenses in violation of Labor Code §§ 2800 and 2802; (8) violation of California's unfair competition law ("UCL") codified at California Business & Professions Code §§ 17200, *et seq.*; and (9) a claim under California's Private Attorney General Act ("PAGA") under Labor Code §§ 2698, *et seq.* (*Id.* at 13–26.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## DISCUSSION

### A. Plaintiff's Allegations under the California Labor Code

Defendants move to dismiss each of plaintiff's nine causes of action in which violations of the Labor Code are asserted, arguing that plaintiff's FAC fails to allege facts sufficient to state cognizable claims. (Doc. No. 13.) Below, the court will address each of defendants' arguments.

#### 1. Claims One and Four: Unpaid Overtime and Unpaid Minimum Wages

California law requires that an employer pay overtime wages to non-exempt employees at a rate of one- and one-half times their regular rate of pay for work in excess of eight hours in a day or forty hours in a week. Labor Code § 510. California law also requires that employees pay at least minimum wage to employees. Labor Code §§ 1194, 1197.

With regard to her unpaid overtime claim plaintiff alleges that "[d]uring the relevant time period, plaintiff and other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week." (Doc. No. 7 at ¶¶ 30, 43, 62.) According to the allegations of the FAC, on unspecified occasions plaintiff and prospective class members "performed unpaid work, including but not limited to work that was required to be completed off-the-clock . . . and work that was not compensated due to Defendant's time-shaving practices." (*Id.* at ¶¶ 53–54,

4

63.) According to plaintiff, off-the-clock work included, but was not limited to, time spent "donning and doffing necessary uniforms and equipment." (*Id.* at ¶ 53.) Plaintiff also alleges that defendants "engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees" because defendants failed to compensate them for "all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law." (*Id.* at ¶¶ 31–32, 64.) In support of the unpaid minimum wages claim, the FAC alleges merely that, "[d]uring the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked." (*Id.* at ¶¶ 36, 45, 89.)

Defendants contend that plaintiff's unpaid overtime and unpaid minimum wage claims are not cognizable as pled because her allegations are devoid of any factual detail. (Doc. No. 13 at 20, 24.) The Ninth Circuit has held that, "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers v. Quality Communications, Inc.,* 771 F.3d 638, 644−45 (9th Cir. 2018).[2] The court described the amount of factual detail that must be alleged as "context-specific," stating:

> A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the sine qua non of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.

---

[2] *Landers* concerned the sufficiency of a complaint alleging the failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 771 F.3d at 641. While plaintiff's claims here are premised on California law, district courts in this circuit have found the decision in *Landers* instructive as to the pleading standard applicable to claims such as plaintiff's. *See Yang v. Francesca's Colls., Inc.*, No. 17-cv-04950-HSG, 2018 WL 984637, at *8 (N.D. Cal. Feb. 20, 2018) ("Federal courts considering claims under the California Labor Code apply the standard set forth in *Landers* . . ., which involved claims under the Federal Labor Standards Act ('FLSA')."); *see also Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *4 (N.D. Cal. May 30, 2018) (same).

*Id*. at 645 (internal citations omitted).  The Ninth Circuit held that the plaintiff in *Landers* had failed to sufficiently plead an overtime claim due to the absence of "any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id*. at 646.  In so holding, the court noted that a plaintiff "should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id*.

Since the decision in *Landers*, district courts in California have varied somewhat in their determination of precisely what allegations are sufficient to state such a claim. *See Sanchez v. Ritz Carlton*, No. CV 15−3484 PSG (PJWx), 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015) ("In *Landers*' wake, courts have offered varying and possibly inconsistent standards for stating wage-and-hour claims under California law."); *see also Tan v. GrubHub, Inc*., 171 F. Supp. 3d 998, 1007−08 (N.D. Cal. 2016) ("On the one hand, *Landers* clarifies that mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week−without any further detail−fall short of *Twombly/Iqbal* . . ..  On the other hand, *Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime; instead, the allegations need only give rise to a plausible inference that there was such an instance."). Typically, courts have found such a claim sufficiently pled so long as the plaintiff has alleged facts supporting a plausible inference, rather than merely alleging a bare violation of the statute or parroting the statutory language. *See, e.g., Kries v. City of San Diego*, No. 17-cv-1464-GPC-BGS, 2018 WL 3455996, at *3−4 (S.D. Cal. July 18, 2018) (allegations that one plaintiff had worked more than 40 hours per week in 140 work weeks and the other had worked more than 40 hours per week in 75 work weeks but were paid less than required because of the manner in which the overtime rate was calculated, were sufficiently detailed to state a claim); *Martinez v. John Muir Health*, No. 17-cv-05779-CW, 2018 WL 1524063, at *3 (N.D. Cal. Mar. 28, 2018) (finding claims were sufficiently alleged where the complaint "does not merely 'parrot the statutory language of the FLSA' ") (quoting *Landers*, 771 F.3d at 643); *Brum v. MarketSource, Inc*., No. 2:17−cv−241−JAM−EFB, 2017 WL 2633414, at *2 (E.D. Cal. June 19, 2017) (allegations that plaintiff had to "perform between 10 to 15 minutes of off-the-clock work

during meal breaks, three to four times per week" and "worked shifts in excess of eight hours one to two times per week" were sufficient to state overtime and minimum wage claims). Additionally, several courts have noted that a plaintiff need not allege particular examples of overtime and minimum wage violations in order to state a claim following the decision in *Landers. See Tan*, 171 F. Supp. 3d at 1007−08; *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015) ("Other courts have agreed that plaintiffs need not plead particular instances of unpaid overtime before being allowed to proceed to discovery."); *see also Bush v. Vaco Tech. Servs., LLC,* No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (noting plaintiff "need not identify a calendar week or particular instance where she was denied overtime wages"). *But see Reed v. AutoNation, Inc.*, No. CV 16-08916-BRO (AGRx), 2017 WL 6940519, at *4−5 (C.D. Cal. April 20, 2017) (concluding that *Landers* does not require allegations of a particular example of a minimum wage violation but does require alleging a specific instance of an overtime claim).

Here, the factual allegations of the FAC in support of plaintiff's unpaid overtime claim, however, provide nothing beyond "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The conclusory allegation that plaintiff and others worked overtime does not allege any facts—such as the typical work schedule or the approximate number of hours worked during any given period—that could plausibly support a claim for unpaid overtime. (*See* Doc. No. 7 at ¶¶ 30, 43, 62) ("During the relevant time period, plaintiff and other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week."). Such allegations are insufficient even under the most liberal pleading standard employed in the decisions reviewed above. *See Bush*, 2018 WL 2047807, at *9 ( plaintiff's "bare assertion that she 'regularly' worked more than the statutory requirement is conclusory and insufficient under the standard set forth in *Landers*"); *Heck v. Heavenly Couture, Inc*., No. 3:17-CV-0168-CAB-NLS, 2017 WL 4476999, at *4 (S.D. Cal. Oct. 6, 2017) (merely alleging that plaintiff worked "more than forty hours" and was not adequately compensated was insufficient to state overtime claim); *McMillian v. Overton Sec. Servs., Inc*., No. 17-cv-03354-JSC, 2017 WL 4150906, at *2−3 (N.D. Cal. Sept. 19, 2017) (allegations that plaintiff worked "in excess of eight

7

hours in a day" insufficient to state an overtime claim); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016) (concluding that the plaintiff's complaint failed to state an overtime claim because it "fail[ed] to provide any factual information regarding whether he worked more than forty hours in any given workweek").

The same is true as to plaintiff's allegations in support of her minimum wage violation claim. *See Landers*, 771 F.3d at 646 (finding that general allegations were insufficient to state a plausible claim for unpaid overtime and minimum wage violations where the plaintiff did not include "any details regarding a given workweek when [he] worked in excess of forty hours and . . . was not paid minimum wages").

Plaintiff also alleges she and prospective class members worked off-the-clock without receiving the proper regular and/or overtime wage compensation from defendants. (Doc. No. 7 at ¶ 63.) These allegations suggest that plaintiff may be attempting to assert unpaid overtime and unpaid minimum wage claims based on defendants requiring plaintiff to perform work off-the-clock. The FAC, however, does not include any factual allegations indicating how, under what circumstances or when plaintiff was allegedly required to work off-the-clock, or what work she purportedly performed when required to do so. The only other potential relevant factual allegation in the FAC is that off-the-clock work, included, but was not limited to, time spent "donning and doffing necessary uniforms and equipment." (*Id.* at ¶ 53.) Even if this allegation were construed to relate to an overtime and minimum wage claim based on uncompensated work time, plaintiff has not alleged any facts that, if proven, would show that this time was not compensated nor that would show how it should have been compensated. *See Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 884177, at *12 (N.D. Cal. Feb. 22, 2019); *Lopez v. Wendy's Int'l, Inc.*, No. 11-CV–00275 MMM (JCx), 2011 WL 6967932, at *3 (C.D. Cal. Sept. 19, 2011). Therefore, plaintiff's first and fourth causes of action will be dismissed.

> *a. Seeking Statutory Penalties on Unpaid Minimum Wage Claim is Time-Barred*

In her fourth cause of action plaintiff also seeks "general unpaid wages and such general and special damages as may be appropriate," as well as "statutory wage penalties pursuant to California Labor Code section 1197.1." (Doc. No 7 at 18, 29.) Defendants argue that to the

extent plaintiff is seeking the award of statutory penalties under § 1197.1 with respect to this cause of action, the award of such penalties is barred by the one-year statute of limitations set out in California Code of Civil Procedure 340(a).  (Doc. No. 13 at 32–33.)

Section 1197.1 provides, in part, that an employer is liable for civil penalties in the amount of "one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid [for any initial violation that is intentionally committed];" and "two hundred fifty dollars ($250) for each underpaid employee" for each subsequent violation regardless of whether the initial violation is intentionally committed.  Cal. Labor Code § 1197.1(a)–(b).  California has a one-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture, if the actions is given to an individual, [. . .] except if the statute imposing it prescribes a different limitation."  Cal. Civ. Proc. Code § 340.[3]

Recovery of civil penalties pursuant to § 1197.1 is governed by § 340's one-year statute of limitations.  *Dawson v. Hitco*, No. CV 16-7337 PSG (FFMx), 2017 WL 7806358, at *4 (C.D. Cal. May 5, 2017); *Byrd v. Masonite Corp.*, 215 F. Supp.3d 859, 869 (C.D. Cal. 2016); *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM JCGX, 2012 WL 2373372, at *10 (C.D. Cal. June 22, 2012); *Dalton v. Lee Publications, Inc.*, No. 08CV1072BTMNLS, 2009 WL 57113, at *2 (S.D. Cal. Jan. 8, 2009) ("A one year statute of limitations period applies to Plaintiffs' claims for penalties under California Labor Codes Sections 226, 1174, and 1197.1."). Because plaintiff's termination date was in "approximately February 2017," and her original complaint was not filed until April 20, 2018, her claim for civil penalties pursuant to § 1197.1 is barred by the applicable statute of limitations.  *Byrd*, 215 F.Supp.3d at 869.  Therefore, to the extent plaintiff's fourth cause of action seeks the award of civil penalties pursuant to § 1197.1, it must be dismissed as time-barred.

2.  Claims Two and Three:  Unpaid Meal and Rest Periods

California law requires an employer to provide its non-exempt employees with meal periods and rest periods during the workday.  Cal. Labor Code §§ 226.7, 512.  To be a sufficient

---

[3]  California law also provides a three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture."  Cal. Civ. Proc. Code § 338.

meal break under California law, "an employer must relieve the employee of all duty for the designated period but need not ensure that the employee does no work." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034 (2012).  This same standard applies to rest breaks.  *See Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 270 (2016) ("[A] rest period means an interval of time free from labor, work, or any other employment-related duties.  And employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time.").

The extent of the FAC's allegations regarding alleged unpaid meal and rest periods is that, "[d]uring the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods [and rest periods]."  (Doc. No. 7 at ¶¶ 74, 83.)  Plaintiff also alleges that she and other class members were not compensated for work performed during meal and rest periods, which included time spent "donning and doffing uniforms and equipment and performing other tasks specified by Defendants."  (*Id.*)

Defendants argue that plaintiff's unpaid meal and rest period claims are too vague and conclusory to state a plausible claim under *Twombly* and *Iqbal*.  (Doc. No. 13 at 23.)  The court agrees.  Plaintiff's allegations in this regard are simply a formulaic recitation of the language used in California statutes and regulations.  *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 958 (9th Cir. 2013)  Plaintiff's claims are not supported by any allegations of fact—such as when, how, and which individuals were denied meal and rest periods—that would plausibly indicate defendants are liable.  *Luna v. Universal City Studios Prods. LLLP*, No. 12-CV-9286 PSG (SSX), 2013 WL 12308201, at *4 (C.D. Cal. Mar. 29, 2013).

 In her opposition to defendants' motions, plaintiff states that her meal and rest period claims are "derivative of Plaintiff's unpaid wage claims because they are largely based upon Defendants' off-the-clock work requirements."  (Doc. No. 20 at 13.)  As discussed above, the court has also concluded that plaintiff's FAC fails to allege sufficient facts to state cognizable unpaid overtime and unpaid minimum wage claims.  Plaintiff's derivative claims as alleged also fail.  Accordingly, plaintiff's second and third causes of action will also be dismissed.

/////

### 3. Claim Five: Final Wages Not Timely Paid

California law controls the manner of the payment of final wages upon the discharge or resignation of an employee. Cal. Labor Code. §§ 201, 202. If an employer "willfully fails to pay" in accordance with sections 201 or 202, it is subject to statutory "waiting time" penalties. *Id.* at § 203(a).

Here, plaintiff's FAC alleges that, "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ." (Doc. No. 7 at ¶¶ 37, 96.) The FAC also alleges that defendants' non-payment of wages upon termination included "failure to pay for all time spent donning and doffing equipment and uniforms; and hours shaved via Defendants' rounding of time punches." (*Id.* at ¶ 97.)

Defendants argue that this claim too is unsupported by any factual allegations regarding "when or what work Defendants required Plaintiff to perform" or if "Plaintiff is claiming Defendants failed to pay final wages within the allowable window." (Doc. No. 13 at 25.) As to this cause of action as well, the FAC employs conclusory allegations that merely repeat the language of the applicable statutory provisions and does not provide any supporting factual allegations. *See Lopez v. Aerotek, Inc.*, No. SACV1400803-CJC-JCGX, 2015 WL 4504691, at *2 (C.D. Cal. July 23, 2015) (dismissing plaintiff's § 203 claim that merely repeated the statutory language and did not generally allege what wages were earned and paid at the time of termination, or how and in what manner any final wage payment was untimely under the Labor Code). Accordingly, plaintiff's fifth cause of action will also be dismissed.

### 4. Claim Six: Non-Compliant Wage Statements

California law requires that employers furnish employees with accurate, itemized wage statements. Cal. Labor Code § 226(a). "To recover damages under this provision, an employee must suffer injury as a result of a knowing and intentional failure by an employer to comply with the statute." *Dawson v. HITCO Carbon Composites, Inc.*, No. CV16-7337-PSG-FFMX, 2017 WL 7806618, at *5 (C.D. Cal. Jan. 20, 2017) (quoting *Price v. Starbucks, Inc.*, 192 Cal. App. 4th

1136, 1142 (Cal. Ct. App. 2011)).  This injury requirement, however, "cannot be satisfied simply because one of the nine itemized requirements . . . is missing from a wage statement."  *Id.*

Here, plaintiff's FAC alleges that "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements." (Doc. No. 7 at ¶ 103.)  According to plaintiff, the deficiencies of the wage statements provided include, but are not limited to, "the failure to include the total number of hours worked by Plaintiff and the other class members."  (*Id.* at ¶¶ 39, 103.)  As a result of this violation plaintiff asserts that she "and the other class members have suffered injury and damage to their statutorily-protected rights," including "their protected interest in receiving accurate and itemized wage statements."  (*Id.* at ¶¶ 104–05.)

Defendants argue that plaintiff's allegations fail to identify deficiencies in the wage statements other than the failure to include the total number of hours worked.  (Doc. No. 13 at 26.)  Although plaintiff's allegations mention the failure to include the total number of hours worked and a general allegation that plaintiff and other class members "suffered injury and damage," that is insufficient – a cognizable injury must be alleged.  *See Dawson*, 2017 WL 7806618, at *5 (dismissing plaintiff's § 226(a) claim where the complaint alleged a failure to include the total number of hours worked but did not sufficiently allege any resulting cognizable injury) (citing *De La Torre v. Am. Red Cross*, No. 13-CV04302 DDP JEMX, 2013 WL 5573101, at *5 (C.D. Cal. Oct. 9, 2013) (allegation that plaintiff's paycheck was inaccurate was insufficient because plaintiff did not allege that she could not "promptly and easily determine" from the wage statement the amount of gross or net wages actually paid to her).

In her opposition, plaintiff states that her claim for failure to provide accurate itemized wage statements "arises from the allegations of unpaid time worked."  (Doc. No. 20 at 15.) However, above the court has concluded that plaintiff's FAC fails to allege cognizable unpaid overtime and unpaid minimum wage claims.  Therefore, the court cannot find the derivative non-compliant wage statement claim to be cognizable.  For these reasons, plaintiff's sixth cause of action will also be dismissed.

*/////*

a. *Seeking Statutory Penalties in Connection with the Wage Statement Claim is Time-Barred*

In the sixth claim for non-compliant wage statements, plaintiff also seeks "actual, consequential and incidental losses and damages" and "statutory penalties pursuant to California Labor Code section 226(e)." (Doc. No. 7 at 30.) Defendants argue that to the extent plaintiff seeks the award of statutory penalties under § 226(e), her claim is time-barred under the applicable one-year statute of limitations. (Doc. No. 13 at 32–33.)

Section 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which an initial violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period." Cal. Labor Code § 226(e)(1). As already noted, California law provides a one-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture, if the actions is given to an individual, [. . .] except if the statute imposing it prescribes a different limitation." Cal. Civ. Proc. Code § 340.

Here, as also noted above, plaintiff's termination date was in "approximately February 2017" but she did not file her original complaint until April 20, 2018. Therefore, her claim for statutory penalties is barred by the applicable one-year statute of limitations. *Reinhardt v. Gemini Motor Transp.*, 869 F. Supp. 2d 1158, 1169–70 (E.D. Cal. 2012) (finding that the one-year statute of limitations under § 340(a) applies where plaintiff attempts to obtain statutory penalties provided by § 226(e)). To the extent plaintiff seeks statutory penalties with respect to her sixth claim, it must be dismissed as time-barred.

5. <u>Claim Seven: Unreimbursed Business Expenses</u>

California law requires that employers reimburse employees for all reasonable and necessary expenditures incurred in discharging their job duties. Cal. Labor Code §§ 2800, 2802.

In this regard, the FAC alleges only that "Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants,

/////

including[,] but not limited to, the costs of required uniforms and equipment[,]" such as "boots, cold suits, protective helmets, etc." (Doc. No. 7 at ¶¶ 56, 110–111.)

Defendants contend that plaintiff's allegations are insufficient in that they fail to identify when and what business-related expenses and costs she believes were not properly the subject of reimbursement by defendant, what pattern and practice resulted in the alleged failure to reimburse, or if plaintiff sought and was denied reimbursement. (Doc. No. 13 at 27.) Although plaintiff includes a general allegation in the FAC that she and prospective class members were not reimbursed for required uniforms and equipment such as boots, cold suits, and protective helmets, she fails to allege any single specific cost incurred that was not fully reimbursed by defendant. Instead, plaintiff's conclusory allegations again merely mirror the language of the statute without any supporting factual allegations. *See Silva v. AvalonBay Cmtys., Inc.*, No. LACV-15-04157-JAK-PLAX, 2015 EL 11422302, at *11 (C.D. Cal. Oct. 8, 2015) (dismissing claims for failing to allege any costs incurred that were not fully reimbursed by defendant). Accordingly, plaintiff's seventh cause of action is also subject to dismissal.

*a. Statutory Penalties for Unreimbursed Business Expenses are Time-Barred*

In her seventh claim, plaintiff also seeks "actual, consequential and incidental losses and damages," and "civil penalties and/or statutory penalties [pursuant to California Labor Code section 2802]." (*Id.* at 31.) Defendants argue that plaintiff's request for statutory penalties under § 2802 is also barred by California Code of Civil Procedure § 340(a)'s one-year statute of limitations. (Doc. No. 13 at 32–33.)

Although plaintiff specifically seeks the award of statutory penalties pursuant to Labor Code § 2802, civil penalties under that statute are "the same as those set forth in [s]ection 1197.1." Cal. Labor Code § 2802(d). Section 1197.1 provides, in part, that an employer is liable "one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid [for any initial violation that is intentionally committed];" and liable "two hundred fifty dollars ($250) for each underpaid employee" for each subsequent violation regardless of whether the initial violation is intentionally committed. Cal. Labor Code § 1197.1(a)–(b). Again, as previously noted, a one year statute of limitations applies to a claim

14

seeking these statutory penalties (Cal. Civ. Proc. Code § 340) and plaintiff's termination date was in "approximately February 2017," while her initial complaint in this action was not filed until April 20, 2018. Accordingly, to the extent she seeks statutory penalties as to this claim, she is time-barred. *See Byrd v. Masonite Corp.*, 215 F.Supp.3d 859, 869 (C.D. Cal. 2016) (finding that plaintiff's prayer for statutory penalties under § 2802 were time-barred where the plaintiff filed suit more than a month past the expiration of § 340(a)'s one-year statute of limitations). Thus, to the extent plaintiff seeks statutory penalties in her seventh claim that claim must be dismissed.

### 6. Claim Eight under the UCL

The UCL prohibits unfair competition, which it broadly defines as including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Under the "unlawful" prong of the UCL, "section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008). Where a plaintiff cannot state a claim under the "borrowed" law, they cannot state a UCL claim either. *See, e.g., Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 992 (S.D. Cal. 2012) ("A UCL claim must be dismissed if the plaintiff has not stated a claim for the predicate acts upon which he bases the claim.").

Here, plaintiff merely alleges in the FAC that, as a result of defendants' violations of California laws, "Defendants unlawfully gained an unfair advantage over other businesses" and that "Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices." (Doc. No. 7 at ¶¶ 117–18.) The parties agree that plaintiff's UCL claim is entirely derivative of her first seven claims. (Doc. Nos. 13 at 28; 20 at 16.) Because plaintiff has not adequately pled her wage and hour claims, her UCL claim also fails. The court also observes that the FAC does not contain any non-conclusory factual allegations regarding defendants' alleged unfair or fraudulent business practices. Accordingly, plaintiff's eighth cause of action must also be dismissed.

/////

7.   Claim Nine under PAGA

PAGA allows employees to stand in the shoes of the Labor and Workforce Development Agency ("LWDA") and recover civil penalties for labor code violations "on behalf of himself or herself and other current or former employees."  Cal. Labor Code § 2699(a).

Here, plaintiff's PAGA claim is wholly derivative of her first seven claims.[4]  (Doc. Nos. 13 at 28; 20 at 16.)  Because the court will dismiss plaintiff's wage and hour claims as inadequately pled, plaintiff "cannot assert PAGA . . . claims on those bases."  *Sinohui v. CEC Entm't, Inc.*, No. EDCV 14-2516-JLS (KKx), 2015 WL 11072128, at *3 (C.D. Cal. Mar. 25, 2015); *Sanders v. Old Dominion Freight Line, Inc*. 2018 WL 6321628, at * 4 (C.D. Cal. June 25, 2018) ("Plaintiffs' PAGA claim rises or falls with their other claims, and therefore is DISMISSED . . .."); *see also Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) (Because the underlying causes of action fail, the derivative ... PAGA claim[ ] also fail[s].").  Plaintiff's ninth claim will, therefore, also be dismissed.

> *a.  Plaintiff's Claim for Civil Penalties Under PAGA is Not Necessarily Time-Barred*

In her PAGA claim, plaintiff seeks "civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g)" for all seven alleged wage and hour claims.  (Doc. No. 7 at 31.)  Again, defendants argue that plaintiff's claim for such civil penalties is time-barred under § 340(a)'s one-year statute of limitations.  (Doc. No. 13 at 29–31.)

Before filing a PAGA claim, a plaintiff must file a notice with the LWDA and can only proceed after the LWDA makes a determination not to prosecute.  Cal. Labor Code § 2699.3(a)(2)(B).  The statute of limitations on a PAGA claim is one year.  Cal. Civ. Code.

---

[4]  Although plaintiff's FAC refers to Labor Code §§ 204 and 1174(d) as providing the basis for recovery of civil penalties under PAGA, (*see* Doc. No. 7 at ¶¶ 22, 129, 131), plaintiff has not asserted actual claims that defendants failed to timely pay wages during employment in violation of § 204 or failed to keep complete and accurate payroll records in violation of § 1174(d).  Accordingly, because plaintiff has not alleged violations of Labor Code §§ 204 and 1174(d), plaintiff cannot seek civil penalties under PAGA based on violation of those provisions.  *See* Cal. Labor Code § 2699.3(a) (Under PAGA, an aggrieved employee may bring a civil action personally and on behalf of current or former employees to recover civil penalties for violations of the California Labor Code).

§ 340.  However, this statute of limitations may be tolled for up to sixty-five days while the LWDA considers whether to prosecute a plaintiff's claim.  Cal. Labor Code § 2699.3(a)(2) and (d); *see also Hill v. Genuine Parts Co.*, No. 1:18-CV-1550 AWI SAB, 2019 WL 935976, at *2 (E.D. Cal. Feb. 26, 2019) (noting that plaintiff could have filed his PAGA claim one year and sixty-five days after the violation); *Watson v. Tennant Co.*, No. 2:18-CV-02462-WBS-DB, 2018 WL 5099281, at *2 (E.D. Cal. Oct. 17, 2018) (same).

Here, plaintiff alleges that she worked for defendants until "approximately February 2017."  (Doc. No. 7 at ¶ 24.)  Plaintiff represents that, in compliance with PAGA, she provided written notice to the LWDA on January 5, 2018.  (*Id.* at ¶ 21.)  Plaintiff also represents that she "did not receive an LWDA Notice within sixty-five (65) days of the date of the submission of Plaintiff's Notice."  (*Id.*)  Finally, the docket in this action reflects that plaintiff filed her complaint in this action on April 20, 2018.  (Doc. No. 1-1.)

Defendants contend that "Plaintiff's written notice to the LWDA . . . was 327 days following the date of Plaintiff's voluntary termination from [defendant] CMSC."  (Doc. No. 13 at 30.)  Defendants also argue that, "[b]ecause no LWDA notice was given, the expiration of the LWDA notice period was March 11, 2018."  (*Id.*)  Taking the tolling of the LWDA notice period, defendants argue that "Plaintiff was required to commence this litigation by no later than April 19, 2018, which equated to 365 days from the date of Plaintiff's voluntary termination . . . plus the 65-day tolling period."  (*Id.* at 31.)

Plaintiff had one year from the date of her termination in February 2017 to file her PAGA claim.  Drawing all inferences from this somewhat vague allegation most favorably to plaintiff, the deadline within which to file her PAGA claim was February 28, 2018.[5]  However, plaintiff filed her notice with LWDA within that one-year period on January 5, 2018, thereby tolling the

---

[5]  Defendants assert that "Plaintiff voluntarily ended her employment . . . on February 13, 2017." (Doc. No. 13 at 30.)  As noted, plaintiff's FAC alleges only that she worked for defendants until "approximately February 2017."  (Doc. No. 7 at ¶ 24.)  While the court has accepted as true plaintiff's allegation, (*Hishon*, 467 U.S. at 73), and has drawn all possible inferences from the allegation in the light most favorable to plaintiff, it does so without prejudice to defendant raising this issue on summary judgment should discovery establish that plaintiff's claim is time-barred due to her actual termination/separation date.

statute of limitations for sixty-five days while she awaited a response by LWDA.  When LWDA did not respond for sixty-five days, the limitations period begun to run again, and expired on May 4, 2018—one year and sixty-five days after her last possible day of employment.  Plaintiff filed her initial complaint on April 20, 2018, two weeks before the latest possible deadline within which to file her PAGA claim.  Accordingly, it cannot be said at this stage of the litigation that plaintiff's PAGA claim is time-barred because it is possible that she filed her initial complaint within the limitations period.  Therefore, defendants' motions to dismiss on that ground will be denied without prejudice.

### B.  Standing to Seek Injunctive Relief

Plaintiff also seeks injunctive relief in connection with her sixth cause of action for non-compliant wage statements and her eighth cause of action for violation of the UCL.  (*See* Doc. No. 7 at ¶¶ 43, 56, 107.)  Defendants argue that plaintiff lacks standing and cannot seek injunctive relief because she has not been employed by CMSC, her former employer, for over a year and because she has not alleged that she has any intention to seek new employment with either of the defendants.  (Doc. No. 13 at 33.)

To establish standing under Article III, it must be shown:  (1) the plaintiff suffered an injury in fact; (2) the injury in fact was concrete and particularized; and (3) the injury was actual or imminent rather than conjectural or hypothetical.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Walsh v. New Dep't Human Res*., 471 F.3d 1033, 1036-37 (9th Cir. 2006).  The "injury in fact" prong requires a threatened future injury to be real and immediate.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, (1983).  Absent an indication of a desire to return to work for a former employer, a former employee lacks standing to seek such injunctive relief.  *See Walsh*, 471 F.3d at 1037 (concluding that the plaintiff, a former employee who made no indication of any interest in returning to work for defendant, "would not stand to benefit from an injunction . . . at her former place of work"); *see also Bayer v. Neiman Marcus Group, Inc*., 861 F.3d 853, 865 (9th Cir. 2017) ("[A] former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief.").

Here, plaintiff alleges that her employment with defendant ended in February 2017. (Doc. No. 7 at ¶ 24.) Plaintiff has not alleged any intention of, or interest in, seeking to return to work for defendants in the future. Therefore, as a former employee, plaintiff has not shown a likelihood of future injury that is a real and immediate. Accordingly, defendants' motions to dismiss plaintiff's request for injunctive relief will be granted.

## C. Plaintiff's Joint Employer Allegations

Defendant Cargill moves to dismiss all allegations against it, arguing that plaintiff has not adequately alleged that defendants Cargill and CMSC were plaintiff's joint employers or that an employer-employee relationship existed between plaintiff and defendant Cargill. (Doc. No. 33 at 12–15.) Defendant Cargill therefore asserts that plaintiff lacks standing to sue it.

In her FAC, plaintiff alleges that defendants "were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other." (Doc. No. 7 at ¶ 7.) Plaintiff also alleges to have been "jointly and severally" employed by defendants, who "had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities." (*Id.* at ¶¶ 24, 26.) As a result, plaintiff asserts that "Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members." (*Id.* at ¶ 27.)

Plaintiff's FAC adequately alleges that defendant Cargill is plaintiff's joint employer. Under California law, whether two entities are joint employers of an employee depends on a factual inquiry into the "totality of the working relationship of the parties" with an emphasis upon the extent to which defendants control the plaintiff's performance of employment duties, rather than an application of a particular test, such as the "interference test" or "economic realities test." *Ontiveros v. Zamora*, No. CIV.S-08-567LKK-DAD, 2009 WL 425962, at *6 (E.D. Cal. Feb. 20, 2009) (quoting *Vernon v. State*, 116 Cal. App. 4th 114, 124, 125 n. 7, 126 (2004)). Here, plaintiff alleges that both defendants Cargill and CMSC had the authority to hire and terminate plaintiff and other class members, exercised sufficient authority over the terms and conditions governing

19

their employment, and supervised their daily employment activities. (Doc. No. 7 at ¶¶ 26–27.) These allegations are sufficient to state a claim against defendant Cargill on the basis of its joint employment of plaintiff.[6] *See Ontiveros*, 2009 WL 425962, at *6 (finding that plaintiff's allegations that defendant controlled compensation and other labor policies, and owned the dealership where plaintiff worked were sufficient to state a claim against defendant as plaintiff's joint employer); *cf. Sanchez v. Ritz Carlton*, No. CV 15-3484 PSG (PJWx), 2015 WL 5009659, at *4 (C.D. Cal. Aug. 17, 2017) (dismissing plaintiffs' FAC because it failed to include sufficient factual allegations about the employer-employee relationship between plaintiffs and defendants). Accordingly, defendant Cargill's motion to dismiss plaintiff's joint employer and all allegations as to defendant Cargill will be denied.

**D. Leave to Amend**

The undersigned has considered whether plaintiff can amend the FAC to state cognizable claims. The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysis W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).

At the hearing on the pending motion, plaintiff's counsel represented that plaintiff could, if permitted, allege additional facts in support of her claims rendering them facially plausible. In addition, plaintiff's counsel requested leave to amend to provide additional factual allegations regarding plaintiff's dates of employment and in support of equitable tolling of the applicable

---

[6] The court acknowledges that plaintiff's allegations in this regard are somewhat conclusory. However, it would appear likely that defendants Cargill Incorporated and Cargill Meat Solutions Corp. share a close relationship with one another thereby rendering plaintiff's allegation that they are joint employers to be at least plausible. Moreover, the defendants are more likely the parties in possession of the relevant facts controlling the determination of this question. Whether defendant Cargill is, in fact, plaintiff's joint employer is an issue that will likely be the subject of discovery and may be addressed on the merits at a later stage of the case. At this early stage, however, plaintiff's allegations are sufficient to survive a motion to dismiss.

statute of limitations with respect to the fourth, sixth, and seventh causes of action.  Finally,
plaintiff may be able to allege facts regarding her desire for future employment with defendants in
support of her request for injunctive relief.  Defendants have not shown that they will suffer
prejudice if plaintiff is granted further leave to amend.  Given these considerations, the dismissal
of plaintiff's FAC will be without prejudice in all respects and plaintiff will be granted leave to
file a second amended complaint.[7]

**CONCLUSION**

For the reasons set forth above,

1.  Defendants' motions to dismiss (Doc. Nos. 12, 16) are granted in part as
    delineated above with leave to amend; and

2.  Any amended complaint shall be filed within twenty-eight (28) days from the date
    of service of this order.

IT IS SO ORDERED.

Dated: __**July 3, 2019**__ 

_____
UNITED STATES DISTRICT JUDGE

---
[7]  Plaintiff's FAC, includes duplicative groups of claims.  (*See* Doc. No. 7 at 7–8, 13–25, 27–32.)
In the event plaintiff elects to file a second amended complaint, she is directed to group and plead
all pertinent individual and class allegations once.

21